```
 1   KAREN P. HEWITT
     United States Attorney
 2   TIMOTHY D. COUGHLIN
     Assistant United States Attorney
 3   California State Bar No. 144911
     Federal Office Building
 4   880 Front Street, Room 6293
     San Diego, California  92101-8893
 5   Telephone: (619) 557-7044/6340
     E-mail: timothy.coughlin@usdoj.gov
 6
     Attorneys for Plaintiff
 7   United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Crim. Case No. 07cr3303-JAH |
|---|---|---|
| Plaintiff, | ) | DATE: March 17, 2008 |
| | ) | TIME: 11:00 a.m. |
| v. | ) | |
| JEFF THOMPSON, | ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, Timothy D. Coughlin, Assistant United States Attorney, and hereby files its sentencing memorandum.

I

SENTENCING RECOMMENDATION

A.     INTRODUCTION

On September 28, 2006, defendant Jeffrey Carl Thompson (Thompson) pled guilty to a single count information charging him with conspiracy to distribute anabolic steroids, in violation of 21 U.S.C. §§ 846 & 841(a)(1). Defendant Thompson's guilty plea was memorialized in a written plea agreement reached by the parties and entered into after consultation with his attorney, David S. Hatch. It is the intention of the Government to

make its sentencing recommendation in accord with the plea agreement reached by the parties.

B.  OFFENSE LEVEL CALCULATIONS

The Government agrees with U.S. Probation's determination that: **1)** Thompson"s Criminal History Category is correctly determined to be a Category I, based on the fact that his prior criminal record scored one criminal history point.  **2)** Thompson's offense level is correctly determined to be a level 20,  pursuant to USSG § 2D1.1(c)(10).  That is, Thompson conspired with co-defendant Ray Ross to distribute more than 40,000 units of anabolic steroids, which are  a Schedule III Controlled Substance.  **3)** Thompson should be afforded a two level downward adjustment for the safety valve provision, because he meets all the criteria, pursuant USSG § 2D 1.1(b)(9) and USSG § 5C1.2.

1.  Obstruction of Justice

U.S. Probation recommends that Thompson's offense level be increased by two levels, pursuant to USSG § 3C1.1, because he willfully obstructed justice when he concealed evidence that was material to an official investigation.  There is no dispute that a month before Thompson was arrested, at the direction of co-conspirator Ray Ross, Thompson removed a pill press from Ross' Aberdeen garage and asked a relative to destroy it.  There is also no dispute that Thompson did this at Ross' request and because Ross and or Thompson learned that law enforcement was looking into their steroid trafficking activities.

However, on September 20, 2007, when Thompson was arrested he immediately admitted his involvement with Ross in manufacturing and distributing anabolic steroids. Part of Thompson's statement  included his admission that he had removed pill presses from Ross' garage and delivered them to a relative for destruction. Subsequent to Thompson's arrest he assisted law enforcement in recovering the pill presses which were not destroyed.

In order for a court to find the defendant has obstructed justice, a court must find a defendant's conduct must be deemed to be material and it must have some impact on the investigation or prosecution of the charged conduct. See <u>United States v. Jimenez-Ortega</u>, 472 F.3d 1102 (9th Cir. 2007). A defendant's conduct has been deemed material if it sends investigators on the wrong trial. <u>United States v. Phipps</u>, 319 F.3d 177 (5th Cir. 2003)(defendant's lie sent investigators on the wrong trial). In this case, there is no evidence that Thompson mislead investigators, in fact it is clear, that on the day of his arrest Thompson gave a complete, accurate and truthful statement detailing his involvement in steroid trafficking with Ray Ross. In addition, he admitted to law enforcement that he had removed pill presses from Ross' garage and delivered them to a relative for destruction. Further, he subsequently assisted law enforcement in recovering the pill presses. The Thompson's conduct of removing the pill presses did not effect the outcome of the investigation or prosecution nor did it significantly impede the investigation. <u>United States v. Ahmed</u>, 324 F.3d 368 (5th Cir. 2003)(Defendant's statement did not impede the investigation, agents went forward and followed up leads in the normal course). The Government agrees, had law enforcement contacted Thompson prior to his arrest and Thompson denied involvement or mislead investigators the enhancement would be proper, but that did not occur. In the current case given the totality of circumstances the Government urges the Court to determine that Thompson did not obstruct justice by his pre-arrest conduct.

        2.    <u>Government's Sentencing Calculations</u>

U.S. Probation recommends that based on the totality of the circumstances that this Court find Thompson obstructed justice pursuant to USSG § 3C1.1. As a consequence, U.S. Probation also recommends that the Court deny Thompson acceptance of responsibility, pursuant to USSG § 3E1.1(a), because, according to US Probation Thompson's obstruction indicates that Thompson has not accepted

3

responsibility. The Government recognizes that on its face, this could be a reasonable interpretation of the events surrounding Thompson's conduct, but for the reasons set forth above the Government recommends that the Court not find obstruction and additionally award Thompson acceptance of responsibility.  There is no dispute that when law enforcement arrested Thompson, he made a statement in which he admitted his criminal conduct related to steroid trafficking with Ross and he informed law enforcement that he had removed the pill presses from Ross' garage intent on destroying them.  Subsequent meetings with Thompson have resulted in a full and complete statement of Thompson's involvement and agents judge Thompson's statement to be both truthful and accurate.  As such the Government recommends he be afforded a three level adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(b).  This is also consistent with US Probation's recommendation that Thompson be afforded the safety valve departure.

### a. Mitigating Role Adjustment

U.S. Probation recommends that Thompson not be afforded a minor role adjustment pursuant to USSG § 3B1.2.  On its face, this is a reasonable assessment of Thompson's involvement with Ross and his degree of participation in Ross' criminal activity.  However, when Thompson is measured against the other participants in the larger conspiracy that was GA Labs conspiracy, he is fairly described as "minor participant."  A minor participant according to USSG § 3B1.2 application note 5 is a defendant who is less culpable than most other participants, but whose role cannot be described as minimal.  The overall conspiracy involved the individuals including Ray Ross as charged in criminal case 07cr2516-JAH.  That case involved defendants who are more culpable then Thompson.  Defendants Crnila, Phillips and Ross, organized and ran a web site based internet distribution organization named GA Labs.  GA Labs was listed as an approved source on a international website named Steroidssuperboard.  The conspiracy involved participants located in Thailand, New Jersey, Las Vegas and Florida.  This

4

1  website was owned and operated by Goran Crnila, in addition, Phillips was a moderator
2  on the website and arranged for thousands of GA Lab customers to receive their anabolic
3  steroids.  Ross' role was to handle the bottling and pill pressing of GA Labs anabolic
4  steroids and order the needed raw steroid product from China. Thompson role was minor
5  when compared to his conconspirators and he worked in Ross's garage on the pill press
6  and helped Ross deliver packages for mailing to Phillips.  In the larger context of this
7  scheme, Thompson's role is accurately described as minor and the Government
8  recommends the Court afford him a two level reduction  pursuant USSG § 3B1.2(b).

9  <u>The result of these calculations is as follows:</u>

| | |
|---|---|
| Base Offense Level: | 20 |
| Minor Role: | -2 |
| Safety Valve: | -2 |
| Acceptance of Responsibility | -3 |
| Adjusted Base Offense Level | 13 |

15  CHC I, Offense level 13 produces a guideline range of 12-18 months in custody.

16  ///

19  ///

22  ///

25  ///

      C.    <u>CONCLUSION</u>

In conclusion, the Government recommends the Court sentence defendant Thompson to the low end of the guidelines or 12 months in custody to be followed by three years of supervised release, no fine and a $100 penalty assessment.

DATED: March 6, 2008.

                    Respectfully submitted,

                    KAREN P. HEWITT
                    United States Attorney

                    s/ Timothy D. Coughlin
                    TIMOTHY D. COUGHLIN
                    Assistant U.S. Attorney
                    Attorneys for Plaintiff
                    United States of America
                    <u>Email</u>: Timothy.Coughlin@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFF THOMPSON,<br><br>  Defendant. | Case No. 07cr3303-JAH<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Timothy D. Coughlin, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Sentencing Memorandum on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. David S. Hatch

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 6, 2008.

s/ Timothy D. Coughlin

7